IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHRISTOPHER STINE,**

          Plaintiff,

Hon.
Case No.

v.

**WELTMAN, WEINBERG & REIS CO. L.P.A.,**

          Defendant.

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, **Christopher Stine** ("Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and bring this action against the above listed Defendant, **Weltman, Weinberg & Reis Co. L.P.A.,** ("Weltman" or "Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.,.

2.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the

shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

3.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

4.

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

## II. PARTIES

5.

The Plaintiff, Christopher Stine is a natural person and consumer, a resident of Lansing, Eaton County, State of Michigan, and a "consumer" as defined by the FDCPA and RPCA.

6.

The Defendant, Weltman is a debt collector with resident agent offices in Troy, Oakland County, State of Michigan and is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

## III. JURISDICTION AND VENUE

2

7.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

8.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

9.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

10.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

11.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

3

due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

12.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## **REGULATION OF COLLECTION PRACTICES ACT (RPCA)**

13.

The Regulation of Collection Practices Act (RPCA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

14.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

15.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency

includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

16.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

17.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

18.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

19.

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

20.

A person may not communicate with a debtor, except through billing procedure when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication. MCL 445.252(h).

21.

The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

## V. FACTUAL ALLEGATIONS

22.

On September 11, 2014, Weltman sued Mr. Stine on behalf of PNC Bank for a debt that Plaintiff had not made a payment on in over six years. **Please see attached debt application signed in 2009 that is Exhibit A of the complaint at Exhibit 1**.

23.

The debt had been discharged in Bankruptcy in 2010 and Defendant Weltman was aware of the debt discharge at that time. **Please see the debt discharged in bankruptcy at Exhibit 2**.

6

24.

Though Defendant was aware of the bankruptcy, Defendant sued Mr. Stine anyway and sought interests and fees of over $3,000 on a discharged debt. **Please see Exhibit 1**.

25.

The Defendant debt collector was collecting for the third-party PNC under the FDCPA. **Please see Exhibit 3**.

26.

It is a violation of the FDCPA for a debt collector to sue on a debt that is discharged under bankruptcy and that was barred by MCL 600.5807(8) under 15 U.S.C. 1692e(5).

27.

Further, Defendant was aware that the debt was discharged in bankruptcy in reporting on Plaintiff's credit report on June of 2014 before the lawsuit was filed. **Please see Exhibit 4**.

28.

The reporting on Plaintiff's credit report is a violation of the FDCPA under 15 U.S.C. 1692e(8).

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

29.

Plaintiff realleges the above pleadings.

30.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

    a. Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using the letters above; and

    b. Defendant collected on the debt and violated 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

    c. Defendant sued on a discharged debt that is barred by MCL 600.5807(8) under 15 U.S.C. 1692e(5); and

    d. Defendant collected on the debt and violated 15 U.S.C. 1692e(8) by reporting the debt on Plaintiff's credit report as mentioned above.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

    a. Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

    b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

    c. Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act

31.

Defendants have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

    a. Defendant violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using the letters as mentioned above; and

   b. Defendant violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at as mentioned above; and

   c. Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

      (i) The legal status of a legal action being taken or threatened.

      (ii) The legal rights of the creditor or debtor;

   d. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee such as continuing to contact a represented debtor.

**Wherefore**, Plaintiff seeks judgment against Defendants for:

   a. Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

   b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RPCA, as well as an injunction, enjoining Defendants from using letters that violate Michigan law; and

   c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## VII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

                              Respectfully submitted,

|  | **LAW OFFICES OF BRIAN P. PARKER, P.C.** |
|---|---|
| Dated: December 3, 2014 | /s/Brian P. Parker<br>**BRIAN P. PARKER (P48617)**<br>Attorney for Plaintiff<br>2000 Town Center, Suite 1900<br>Southfield, MI  48075<br>(248) 642-6268<br>brianparker@collectionstopper.com |